IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GEORGE B. SKIDMORE, | ) | |
| | ) | 8:08CV1 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| ACI WORLDWIDE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant ACI Worldwide Inc.'s ("ACI") motion to dismiss, Filing No. 10. This is an action for wrongful discharge under the Sarbanes-Oxley Act of 2002 ("SOX"), 18 U.S.C. § 1514A. Jurisdiction is premised on 28 U.S.C. § 1331 (federal question jurisdiction). In the complaint, plaintiff George B. Skidmore ("Skidmore") alleges ACI violated SOX by terminating his employment as a result of his reporting of alleged wrongful conduct to ACI's supervising authority, pursuant to the statute. Defendant ACI moves to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). It argues the allegations in the complaint fail to state a SOX whistleblower claim as a matter of law due to lack of specificity. Furthermore, ACI argues that defects in Skidmore's complaint cannot be fixed by amendment. In opposition to the motion to dismiss, Skidmore claims the complaint is specific enough and asks this court to overrule ACI's motion to dismiss or give him reasonable time to amend the complaint.

**I.   Background**

Skidmore was a former employee of ACI and worked in its Omaha office. Filing No. 1, Complaint ¶ 4. Skidmore reported directly to Henry Lyons ("Lyons") who was the Chief Financial Officer, Senior Vice President, and Treasurer of ACI. *Id.*, ¶ 5. According to

plaintiff's complaint, Skidmore had a conference call with Lyons on January 18, 2007. *Id.,* ¶ 6. During this conference, Lyons told Skidmore to book an estimated tax rate for the forecasted budget for the end of the first quarter of the fiscal year. *Id.* Skidmore refused to do this without supporting information because he believed the actual numbers did not justify the estimated tax rate. *Id.* Skidmore further alleges that Lyons said changes needed to be made in the Tax Department. *Id.*, ¶ 8.

Skidmore contends he reported this matter to Dennis Byrnes ("Byrnes"), who was General Counsel and Chief Compliance Officer for ACI. *Id.*, ¶ 9. Skidmore alleges Byrnes was in a supervisory capacity over him. *Id.*, ¶ 10. Byrnes asked Skidmore to prepare a written report of the incident. When Skidmore attempted to submit the report, Byrnes would not accept it. *Id,* ¶ 9. Skidmore was terminated on April 11, 2007, shortly after he tried to submit the report to Byrnes. *Id.*, ¶ 11.

The procedural history of this case is in dispute between plaintiff and defendant. Skidmore claims this case was filed on February 30, 2007 before the United States Department of Labor as an administrative law complaint. Filing No. 14, Plaintiff's Brief at 2. Skidmore moved to dismiss the action and refile with this court because of ACI's refusal to answer plaintiff's discovery requests, which the administrative judge granted. *Id.* Defendant ACI contends Skidmore filed his claim on April 29, 2007 with the Department of Labor. Filing No. 16, Defendant's Brief at 6. ACI states the reason why Skidmore refiled with this court is because the 180-day period for the Department of Labor to issue a final decision had expired and not because of ACI's refusal to answer plaintiff's discovery request. *Id.* at 7, n.2.

2

**II.     Discussion**

      **1.     Rule 12(b)(6) - Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A**

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. —, —, 127 S. Ct. 1955, 1964 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* — U.S. —, —, 127 S. Ct. 2197, 2200 (*quoting Bell Atlantic,* 550 U.S. at —, 127 S. Ct. at 1964). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic,* 550 U.S. at —, 127 S. Ct. at 1965.

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Id.* "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Id.* In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *See Id.* at 1965; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, cannot raise

a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Bell Atlantic,* — U.S. at —, 127 S. Ct. at 1966. "A court should not dismiss a complaint for failure to state a claim unless it is 'beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.'" *Sommers Oil Co. v. U.S.*, 241 F.3d 1375, 1378 (Fed. Cir. 2001) (*quoting Hamlet v. U.S.*, 873 F.2d 1414, 1416 (Fed. Cir. 1989)).

18 U.S.C. § 1514A ("§ 1514A ") is entitled "Civil action to protect against retaliation in fraud cases." The statute says:

> (a) **Whistleblower protection for employees of publicly traded companies.**--No company with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78*l*) or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78*o*(d)), or any officer, employee, contractor, subcontractor, or agent of such company, may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee--
>
> > (1) to provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of section 1341[1], 1343[2], 1344[3], or 1348[4], any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders, when the information or assistance is provided to or the investigation is conducted by--
> >
> > > (A) a Federal regulatory or law enforcement agency;
> > >
> > > (B) any Member of Congress or any committee of Congress; or

---

[1] 18 U.S.C. § 1341. Frauds and swindles

[2] 18 U.S.C. § 1343. Fraud by wire, radio, or television

[3] 18 U.S.C. § 1344. Bank fraud

[4] 18 U.S.C. § 1348. Securities fraud

4

> (C) a person with supervisory authority over the employee (or such other person working for the employer who has the authority to investigate, discover, or terminate misconduct; . . . .

18 U.S.C. § 1514A(a)(1)(A)-(C).

An employee asserting a claim under § 1514A must first file a complaint with the Secretary of Labor. 18 U.S.C. § 1514A(b)(1)(A). This action must be brought "no later than 90 days after the date on which the violation occurred." 18 U.S.C. § 1514A(b)(2)(D). A person who alleges discharge or other discrimination under the statute may seek relief by "bringing an action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy," "if the Secretary has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the complainant." 18 U.S.C. § 1514A(b)(1)(B); see 29 C.F.R. § 1980.114(a). An employee must file a complaint with the Occupational Safety and Health Administration ("OSHA") and allow time for OSHA to resolve the issue before filing a complaint in federal court. *Willis v. Vie Fin. Group, Inc.*, No. Civ.A. 04-435, 2004 WL 1774575, at *3 (E.D. Pa. August 6, 2004).[5]

To prevail in a SOX whistleblower claim, complainant/employee must prove by a preponderance of the evidence that: (1) he engaged in protected activity or conduct; (2) employer knew that he engaged in the protected activity; (3) he suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action. *Richards v. Lexmark Int'l, Inc.*, 2004-SOX-00049, 2006 WL 3246874, at *24 (ALJ

---

[5]Secretary of Labor has delegated that a SOX complaint must be filed with OSHA. *See* 29 C.F.R. § 1980.103(c).

5

June 20, 2006); *Collins v. Beazer Homes USA, Inc.*, 334 F.Supp.2d 1365, 1375 (N.D. Ga. 2004). "'Protected activity' . . . includes providing to an employer information regarding any conduct which the employee reasonably believes constitutes a violation of various criminal fraud provisions, any rule or regulation of the SEC, or any provision of Federal law relating to shareholders." *Richards*, 2006 WL 3246874, at *25.

An employee receives protection under SOX if the reported information has a degree of specificity. *Lerbs v. Buca Di Beppo, Inc.,* 2004-SOX-8, 2004 DOLSOX LEXIS 65, at *33 (ALJ June 15, 2004). "General inquiries do not constitute protected activity." *Id*. at *34. There has to be particular concerns the employee possesses that reasonably identify illegal activity on the part of the employer. *Id*. The employee is not required to show an actual violation of the law. *Collins*, 334 F. Supp.2d at 1376. The test for employee's belief is both subjective and objective: the employee must have "actually and reasonably believed the employer violated one of the laws and regulations enumerated in SOX." *Lerbs*, 2004 DOLSOX LEXIS 65, at *30-31; *Bishop v. PCS Admin. (USA), Inc.*, No. 5 C 5683, 2006 WL 1460032, at* 5 (N.D. Ill. May 23, 2006). Disclosures are considered protected activity "only when they implicate the substantive law protected in SOX relating to fraud against shareholders definitely and specifically." *Portes v. Wyeth Pharm., Inc.*, No. 6 Civ. 2689(WHP), 2007 WL 2363356, at *4 (S.D.N.Y. August 20, 2007) (*quoting Fraser v. Fiduciary Trust Co. Int'l*, 417 F. Supp.2d 310, 322 (S.D. N.Y. 2006)). Employee disclosures must be related to illegal activity and involve shareholder fraud. *Livingston v. Wyeth, Inc.*, 520 F.3d 344, 353 (4th Cir. 2008).

In order for a SOX claim to survive a Rule 12(b)(6) motion to dismiss, a complaint must state a cause of action where an employee reasonably believed that the reported

conduct was violating the provisions of § 1514A relating to shareholder fraud.  *See Smith v. Corning Inc.*, 496 F.Supp.2d 244 (W.D.N.Y. 2007) (holding plaintiff's complaint can survive a Rule 12(b)(6) motion because plaintiff reasonably believed defendant's actions were in violation of the provisions of § 1514A and the violation was related to shareholder fraud.); *Bishop*, 2006 WL 1460032, at *9 ("Since plaintiff has not pleaded any facts that would objectively support a belief that fraud had occurred, the allegations do not support that plaintiff was engaging in protected activity."); *Fraser,* 417 F. Supp.2d at 322. (holding claims of violations under SOX relating to shareholder fraud must be definite and specific); *Portes*, 2007 WL 2363356, at * 4 ("The 'context' of the disclosure and 'the circumstances giving rise to the communication,' if closely related to potential fraud against shareholders, may be sufficient to satisfy the pleading requirements of a SOX whistleblower claim.") (*quoting Fraser*, 417 F. Supp.2d at 323).

### III.    Analysis

Although there has not been a challenge to the court's jurisdiction in this matter, the court agrees with ACI's contention that the 180-day statutory period for the Secretary of Labor has expired.  Once the 180-day limitation has expired, filing with this court is appropriate.

Plaintiff's complaint is not adequately plead to defeat a Rule12(b)(6) motion to dismiss.  When applying the case law to this issue, it is apparent that plaintiff's disclosure has not met the standard of pleading a SOX whistleblower claim.  In his complaint, Skidmore claims Lyons, who was ACI's Chief Financial Officer, told him to book an estimated tax rate for the forecasted budget for the end of the first quarter of the fiscal year. Filing No. 1, Complaint ¶ 6.  Skidmore believed this rate was unjustified based upon

the actual numbers and refused to perform this request without supporting information. *Id.* Lyons did not provide this information. *Id.* Skidmore alleges he prepared a report to be given to ACI's General Counsel Byrnes, which was refused. *Id.*, ¶ 9. Skidmore claims his submission of the report to Byrnes was a protected activity and his termination of employment was a result thereof. *Id.*, ¶ 11. Skidmore believes ACI's conduct is a violation of § 1514A. *Id.*, ¶ 13.

The court finds Skidmore fails to allege anything in his complaint that shows he was engaged in a protected activity as provided by § 1514A. Skidmore has not alleged any facts supporting his contention that booking an estimated tax rate, not backed by supporting information, related to fraud against shareholders. More importantly, when Skidmore informed Byrnes of his concerns, he did not tell Byrnes he believed ACI was engaging in any type of fraud, as stated in the complaint. Skidmore's complaint only gives an inference of an internal accounting dispute and not fraud. This conclusion is support by Skidmore's belief that "the issue would be solved internally in an appropriate and timely manner." *Id.*, ¶ 9. The complaint reveals nothing that shows Skidmore actually and reasonably believed ACI was engaged in illegal activity. There is nothing particular about his concerns because he has not alleged any facts that would support fraud on the part of ACI. The only thing the complaint alleges is an accounting dispute. Plaintiff does reference 15 U.S.C. § 7218 (applicable accounting standards) and 15 U.S.C. § 7264 (code of ethics for senior financial officers) in his complaint as part of how ACI's actions were a violation of a rule or regulation of the Securities Exchange Commission. *Id.*, ¶ 7. These statutory provisions can only be implicated under a SOX whistleblower claim if plaintiff's disclosure of ACI's activity revealed anything that relates to fraud against the shareholders.

Nothing in plaintiff's complaint supports this conclusion. The court finds that ACI's motion to dismiss is granted as to plaintiff's complaint.

Skidmore also asks the court, in the alternative, to allow time to amend the complaint. ACI believes a leave to amend would be inappropriate because any amendment would be futile and prejudicial. The court will grant Skidmore's request to amend the complaint.[6] This court will allow plaintiff 20 days to amend its complaint, even if ACI files a responsive pleading before then.

Based upon the record, ACI has not filed a responsive pleading to plaintiff's complaint. Skidmore has the right to amend its pleading, as a matter of law, once before ACI has filed a responsive pleading. ACI's Rule 12(b)(6) motion to dismiss does not constitute a responsive pleading under the Federal Rules. "A denial of a leave to amend can only be justified if it would cause undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008). ACI's concerns about granting Skidmore leave to amend are noted, but denial of plaintiff's leave to amend cannot be justified on these grounds. Skidmore must allege specific facts showing how ACI's purported actions constituted a violation of the rules and regulations *relating to fraud against the*

---

[6]"A party may amend its pleading once as a matter of course before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A). Plaintiff has the right to amend his complaint once as a matter of law if ACI has not filed a responsive pleading. "A Rule 12(b)(6) motion to dismiss is not a responsive pleading that can cut off a plaintiff's right to amend once, without leave of court." *CRST Van Expedited, Inc. v. Werner Enter., Inc.*, 479 F.3d 1099, 1104 n. 3 (9th Cir. 2007). *See also In re Agent Orange Prod. Liab.*, 517 F.3d 76, 103-04 (2nd Cir. 2008); *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008); *Williams v. Bd. of Regents of Univ. Sys. Georgia*, 477 F.3d 1282, 1291 (11th Cir. 2007); *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 910-11 (5th Cir. 1993). "Seeking leave to amend does not, by itself, invoke the district court's discretionary authority to deny leave if the amendment would otherwise fall within the purview of the first sentence of Rule 15(a)." *Pure County, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002).

9

*shareholders* under SOX.  If Skidmore fails to do this, the court will consider granting any future Rule 12(b)(6) motion to dismiss brought by ACI.  Accordingly,

IT IS ORDERED:

1.  ACI Worldwide, Inc.'s motion to dismiss, Filing No. 10, is denied.

2.  The court shall permit Skidmore to amend his complaint to comply with this Memorandum and Order.  Such amended complaint shall be filed within 20 days of the date of this order.

DATED this 18th day of June, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge