# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **GEORGE B. SKIDMORE,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV01 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **ACI WORLDWIDE, INC., a/k/a ACI, a/k/a TRANSACTION SYSTEMS ARCHITECTS, INC.,** | ) ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion to Stay Discovery (Filing No. 25).[1] The defendant filed a brief (Filing No. 26) and an index of evidence (Filing No. 27) in support of the motion. The plaintiff noted his opposition to the motion to stay in his brief (Filing No. 28), filed in response to the defendant's Motion for Judgment on the Pleadings (Filing No. 21). The defendant responded to the plaintiff in its reply brief (Filing No. 29). Later but still within response time, the plaintiff filed a brief (Filing No. 30) in opposition to the motion to stay. In response, the defendant filed an objection (Filing No. 31), with an index of evidence (Filing No. 32), to the filing of the plaintiff's response brief. As an initial matter, the defendant's objection will be overruled. The court will consider and assign due weight to each filing on this issue.

## BACKGROUND

On January 3, 2008, the plaintiff filed the instant action "for wrongful discharge under § 806 of the Corporate and Criminal Fraud Accountability Act of 2002, Title VII of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A." **See** Filing No. 1. The plaintiff alleges he was terminated from his employment with the defendant after he refused "to book an

---

[1] As a convenience, this document contains certain cross-document hyperlinks to documents previously filed in this case. This document also contains links to the Nebraska local rules and legal citation from the federal reporters. The hyperlinked documents appear in blue underlined text. Except with regard to the local rules, access to the hyperlinked material is subject to fees pursuant to user agreements. The hyperlinks may be accessed without PACER fees by use of the public computer terminal in the Clerk's office.

estimated tax rate for the forecasted budget . . . which was lower than the actual numbers would justify." *Id.* ¶ 6. On February 12, 2008, the defendant filed a motion to dismiss for failure to state a claim upon which relief could be granted. **See** Filing No. 10. On June 18, 2008, the court entered an order denying the motion to dismiss, but permitting the plaintiff to amend the complaint to remedy certain deficiencies. **See** Filing No. 17. On July 8, 2008, the plaintiff filed the amended complaint. **See** Filing No. 19. The defendant filed an answer (Filing No. 20), but also, on August 1, 2008, filed a Motion for Judgment on the Pleadings. **See** Filing No. 21.

On August 6, 2008, the court entered the initial progression order authorizing the commencement of discovery. **See** Filing No. 24. The plaintiff had previously served the defendant with Requests for Production of Documents. On August 11, 2008, the defendant filed the motion for stay. **See** Filing No. 25. The defendant seeks the stay based on two reasons. First, the defendant contends its motion for judgment on the pleadings is firmly grounded in the law and is potentially dispositive of the entire case. Second, the defendant argues the discovery requests are unreasonably broad and excessively burdensome.

The plaintiff resists a stay of discovery. The plaintiff states he has complied with the court's June 18, 2008 order regarding amending the complaint, implying the motion for judgment on the pleadings will necessarily be denied. The plaintiff also argues the discovery requests, which were also served on the defendant during a previous administrative proceeding, are within the bounds of discovery. The court will not attempt to resolve the parties potential discovery dispute at this time as it would be inappropriate based on the motion before the court. The court will give due consideration to the nature of the discovery sought in relation to the motion to stay.

## ANALYSIS

The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); **see** *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th

Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court under *Landis*."); *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000). A party who seeks a stay must show hardship or inequity in being forced to move forward if there is "even a fair possibility that the stay for which he prays will work damage to someone else." *Lockyer*, 398 F.3d at 1109; *Jones v. Clinton*, 72 F.3d 1354, 1364 (8th Cir. 1996) ("Traditionally, an applicant for a stay has the burden of showing specific hardship or inequity if he or she is required to go forward."). Accordingly, the court must balance the consequences of imposing a stay on the opposing party against the consequences of proceeding on the movant. See *Jones*, 72 F.3d at 1365.

Here, the plaintiff has not shown or presented any argument that a brief stay will cause, or potentially would cause, any harm. The defendant's motion for judgment on the pleadings is fully briefed. Accordingly, a short stay pending the resolution of the motion will conserve the parties' resources with regard to the outstanding discovery. Additionally, since it appears the discovery may be in dispute, the stay will conserve judicial resources pending the outcome of the dispositive motion. On balance, a short stay serves the interests of judicial economy and efficiency. Upon consideration,

**IT IS ORDERED:**

1.   The defendant's Motion to Stay Discovery (Filing No. 25) is granted.

2.   The defendant's objection (Filing No. 31) is overruled.

3.   Discovery in this case shall be stayed pending resolution of the defendant's Motion for Judgment on the Pleadings (Filing No. 21).

4.   The defendant shall serve its response to the plaintiff's Requests for Production within twenty (20) calendar days of the date an order is entered on the Motion for Judgment on the Pleadings (Filing No. 21), unless the case is dismissed in its entirety.

DATED this 9th day of September, 2008.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge