IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GEORGE B. SKIDMORE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV01 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ACI WORLDWIDE, INC., a/k/a ACI, f/k/a TRANSACTION SYSTEMS ARCHITECTS, INC., | ) ) ) ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion to Compel Discovery and Requests for Fees and Costs (Filing No. 45). The defendant filed a brief (Filing No. 46), an index of evidence (Filing No. 47), and an amended index of evidence (Filing No. 48) in support of the motion. The plaintiff filed a "Resistance to Motion to Compel" (Filing No. 49)[1] and a brief (Filing No. 50) in opposition to the motion. The defendant filed a brief (Filing No. 51) in reply.

**BACKGROUND**

On January 3, 2008, the plaintiff filed the instant action "for wrongful discharge under § 806 of the Corporate and Criminal Fraud Accountability Act of 2002, Title VII of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A." **See** Filing No. 1. The plaintiff alleges he was terminated from his employment with the defendant after he refused "to book an estimated tax rate for the forecasted budget . . . which was lower than the actual numbers would justify." *Id.* ¶ 6. On February 12, 2008, the defendant filed a motion to dismiss for failure to state a claim upon which relief could be granted. **See** Filing No. 10. On June 18, 2008, the court entered an order denying the motion to dismiss, but permitting the plaintiff to amend the complaint to remedy certain deficiencies. **See** Filing No. 17. On July 8,

---

[1] The plaintiff filed a brief and a second document captioned as a "Resistance" in contradiction with the local rules. The Civil Rules of the United States District Court for the District of Nebraska provide: "The party opposing a motion shall not file an "answer," "opposition," "objection," or "response," or any similarly titled responsive pleading. Rather, the party must file a brief that concisely states the reasons for opposing the motion and cites to supporting authority." NECivR 7.0.1(b)(1)(A).

2008, the plaintiff filed the amended complaint.  **See** Filing No. 19.  As part of the complaint, the plaintiff alleges that "[a]s a direct and proximate result of [the defendant's conduct, the plaintiff] sustained mental and emotional distress, embarrassment, humiliation, anxiety about the future, . . . ." *Id.* ¶ 19.  The defendant filed an answer (Filing No. 20), but later, on August 1, 2008, filed a Motion for Judgment on the Pleadings.  **See** Filing No. 21.

On August 6, 2008, the court entered the initial progression order authorizing the commencement of discovery.  **See** Filing No. 24.  The plaintiff had previously served the defendant with Requests for Production of Documents.  However, on September 9, 2008, the court stayed discovery pending resolution of the defendant's Motion for Judgment on the Pleadings.  **See** Filing No. 33.  On October 7, 2008, the court denied the defendant's Motion for Judgment on the Pleadings and lifted the stay of discovery.  **See** Filing No. 35.

On October 27, 2008,[2] the defendant served the plaintiff with a request for production seeking all documents relating to the plaintiff's medical, psychiatric and/or physiological treatment.  **See** Filing No. 48 - Ex. C Request for Production No. 19.[3]  Specifically, Request for Production No. 19 states:

> All documents (including, but not limited to, admission forms, medical charts, notes from attending physicians regarding treatment and diagnosis, or bills for service), that related to any medical, psychiatric, or psychological examination or treatment Plaintiff has received from any physician, psychiatrist, psychologist or other health care professional since January 1, 2004.

*Id.*  On the same date, the defendant states, it noticed the plaintiff's deposition for December 17, 2008.[4]  The defendant states it hoped to have the responses in time for the

---

[2] The defendant's Request for Production is undated and no certificate of service was filed, as required by NECivR 34.1(b), however other record evidence contains the date of service.  **See** Filing No. 48 - Ex. D.

[3] The defendant states in the motion and brief that the Request for Production at issue is No. 20, however the defendant quotes Request for Production No. 19.  In the plaintiff's response, he had renumbered the request as No. 20.

[4] No certificate of service or notice of deposition has been filed in this case.  **See** Fed. R. Civ. P. 30(b).

deposition. However, the defendant did not receive timely responses. On December 8, 2008, counsel for the defendant sent a letter seeking the responses, without objection, and to re-schedule the deposition. **See** Filing No. 48 - Ex. D - Dec. 8, 2008, Goldsmith Letter. On December 9, 2008, counsel for the plaintiff responded by giving proposed deposition dates and stating that he would try to have the discovery responses served by the end of the week. *Id.* Ex. E - Dec. 9, 2008, Peters Letter. The plaintiff did serve discovery responses on December 17, 2008. *Id.* Ex. F - Responses to Request for Production. The plaintiff responded to the defendant's request for medical records by stating an objection based on relevance. *Id.* (listed as response to Request for Production No. 20).

On January 13, 2009, the defendant's counsel sent a letter stating the response was insufficient because the plaintiff had waived any objection due to the untimeliness of the response and the documents sought were relevant to the plaintiff's mental health which was placed at issue in the amended complaint. *Id.* Ex. G - Jan. 13, 2009, Goldsmith Letter. Additionally, defendant's counsel explained the plaintiff's deposition should proceed only after production of the outstanding discovery. *Id.* On January 20, 2009, the plaintiff's counsel responded that some discovery would be supplemented within a couple days, but due to his schedule, he would have to respond to the other statements in the letter at a later time. *Id.* Ex. H - Jan. 20, 2009, Peters Letter. On March 2, 2009, the defendant's counsel followed up by letter reiterating the defendant's concerns, proposing additional deposition dates and again requesting the medical records. *Id.* Ex. I - Mar. 2, 2009, Goldsmith Letter. The plaintiff's counsel responded on March 12, 2009, by proposing April 21, 2009, for the deposition and stating that hopefully documents could be produced by "the first part of next week." *Id.* Ex. J - Mar. 12, 2009, Peters Letter. On March 20, 2009, the defendant's counsel agreed to the April 21, 2009, deposition date contingent on receipt of the documents previously requested. The defendant's counsel also noted nothing had been received since the March 12, 2009, letter. *Id.* Ex. K - Mar. 20, 2009, Goldsmith Letter. On March 27, 2009, the plaintiff's counsel sent an e-mail stating he had been waiting for the medical documents, which the plaintiff was still trying to get. *Id.* Ex. L - Mar. 23, 2009, Peters E-mail. The plaintiff's counsel asked if the defendant would rather receive a waiver and the doctors' names. *Id.* On April 2, 2009, the defendant's counsel indicated

the plaintiff should proceed with obtaining the records, but he should also send a waiver and the doctors' names. *Id.* Ex. M - Apr. 2, 2009, Goldsmith E-mail. The defendant's counsel also reiterated production of the documents was necessary for the deposition. *Id.* On April 5, 2009, the plaintiff confirmed the deposition date for April 21, 2009. *Id.* Ex. N - Apr. 5, 2009, Peters E-mail. On April 16, 2009, at 9:30 a.m., the defendant's counsel left a telephone message for the plaintiff's counsel about not having received any medical records or waivers. **See** Filing No. 48 - Goldsmith Aff. ¶ 13. The defendant's counsel stated a motion to compel would be filed the next day, if no response was received. *Id.* By 8:00 a.m., on April 17, 2009, the defendant's counsel made the same statements by e-mail. **See** Filing No. 48 Ex. O - Apr. 17, 2009, Goldsmith E-mail. After this e-mail, counsel spoke by phone. At 11:03 a.m., the plaintiff's counsel responded by e-mail that nearly all of the medical documents had been located and would be produced. *Id.* Ex. P - Apr. 17, 2009, Peters Email. Additionally, the deposition would be postponed. *Id.*

The defendant filed the instant motion to compel on April 17, 2009, at 5:00 p.m. **See** Filing No. 45. The defendant seeks an order requiring production of documents, requiring the plaintiff's attendance at a deposition ten days after production, and monetary sanctions associated with the defendant's attempts to secure production. Additionally, the defendant seeks leave to take any depositions which stem from the plaintiff's deposition outside the current deposition deadline of June 1, 2009.

On April 21, 2009, the plaintiff filed his response to the motion. **See** Filing Nos. 49 and 50. The plaintiff's counsel states the defendant's counsel did not state in the April 16, 2009, voice message that a motion to compel would be filed the next day only that counsel need to talk about the medical records and the deposition. The plaintiff states he was reasonably trying to comply with the discovery requests, but the defendant's counsel would not listen when he tried to explain the situation on April 17, 2009. The plaintiff states the records were produced on April 17, 2009, except for one set of marriage counseling records, which were delayed due to the provider's illness. The final set of documents were being complied on April 20, 2009. Additionally, the plaintiff's counsel states he thought his legal assistant had produced the medical records or the signed medical waivers prior to the week of April 13, 2009, but there had been a miscommunication. The plaintiff argue the

4

defendant never gave an indication that a motion to compel would be filed until the day it was filed. Further, the plaintiff contends he was genuinely trying to produce the documents when the motion to compel was filed. Accordingly, the plaintiff argues sanctions are not appropriate in this matter.

In reply, the defendant argues that the plaintiff did not provide any production of the medical records until he was notified of the pending motion to compel. **See** Filing No. 51. Additionally, even at the time of the motion, the plaintiff had not fully complied with the request. Finally, the defendant contends the plaintiff failed to explain the necessity of the five-month delay for production, even after several letters seeking compliance with the discovery request. The defendant asserts it has sustained prejudice due to the plaintiff's continued delay and evasion.

## ANALYSIS

Parties may discover any relevant, unprivileged information that is admissible at trial or is reasonably calculated to lead to admissible evidence. **See** Fed. R. Civ. P. 26(b)(1). Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections). The plaintiff does not dispute the relevance of the requested medical records. Additionally, the plaintiff states that although the initial response contained a relevance objection, the plaintiff has voluntarily withdrawn the objection. Finally, the plaintiff does not attempt to prevent disclosure, but had produced the requested documents and had substantially produced the documents before the motion to compel was filed.

The relevant issue before the court is sanctions.  Pursuant to Federal Rule of Civil Procedure 37(a):  "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a).  Furthermore, under the federal rules, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).  The federal rules specifically provide for the shifting of costs where the disputed discovery is provided after the motion to compel is filed.

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A).

However, sanctions will not be awarded if:

>   (i)   the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>   (ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or
>   (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

To ensure court action is required, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a).  Similarly, the Civil Rules of the United States District Court for the District of Nebraska (Nebraska Civil Rules) only allow a motion to compel to be considered if filed upon a showing "that after personal consultation with counsel for opposing parties and sincere attempts to resolve differences, counsel cannot reach an accord."  NECivR 7.0.1(i).  Personal consultation is defined as "person-to-person conversation, either in person or on the telephone."  NECivR 7.0.1(i)(1).  The rule specifies that "[a]n exchange of letters, faxes, voice mail messages, or e-mails among counsel is also personal consultation for purposes

of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party." ***Id.***

The plaintiff's failure to timely provide discovery required the defendant to repeatedly make inquiries about production. Additionally, the plaintiff's deposition had to be postponed and rescheduled due to the plaintiff's delay. The plaintiff did not provide this court or the defendant with any factual or legal justification for the delay in production between December 2008 and April 2009. This is a particular problem in this case where the parties did not dispute the production of discovery, but delay arose surrounding the plaintiff actually gathering the medical records. The plaintiff fails to explain any actual impediment to obtain the discovery or merely a lack of motivation. In contrast, the defendant has included sufficient certification of attempts to confer under the rules. Under these circumstances, the court may order sanctions against the plaintiff after allowing the plaintiff an opportunity to show why sanctions should not be imposed or would be unjust. Additionally, the court will extend the deposition deadline to allow the parties time to schedule the plaintiff's deposition at a mutually agreeable time. Any additional extension of the deadline should be sought by motion upon a showing of good cause. Upon consideration,

**IT IS ORDERED:**

1. The defendant's Motion to Compel Discovery and Requests for Fees and Costs (Filing No. 45) is granted. The plaintiff has until **May 8, 2009**, to produce any outstanding documents responsive to the defendant's request for production of medical treatment.

2. The plaintiff shall have to **on or before May 14, 2009**, to show cause why sanctions, including the award of attorneys' fees under Rule 37, should not be imposed.

3. The parties shall have an extension until **July 1, 2009**, to complete depositions.

DATED this 30th day of April, 2009.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge