IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **GEORGE B. SKIDMORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:08CV01** |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **ACI WORLDWIDE, INC., a/k/a ACI, f/k/a TRANSACTION SYSTEMS ARCHITECTS, INC.,** | ) ) ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the plaintiff's response (Filing No. 55) to the court's Show Cause Order (Filing No. 52). On April 30, 2009, the court granted the defendant's motion to compel discovery (Filing No. 45) related to the plaintiff's medical treatment. The plaintiff has now provided all such discovery and opposes entry of an award of attorney fees for the defendant.

The evidence before the court shows the defendants sought certain medical records in a request for production served on October 27, 2008. The plaintiff's deposition had been scheduled to occur after receipt of the requested documents. After the deadline for responses had passed, the defendant inquired about the responses. On December 9, 2008, counsel for the plaintiff replied by proposing new deposition dates and stating he would try to have the discovery responses served by the end of the week. The plaintiff did serve discovery responses on December 17, 2008, but objected to production related to the medical treatment. In January 2009, both counsel conferred and agreed the medical treatment documents were relevant. The plaintiff agreed to supplement discovery. The defendant continued, into April, to attempt to get the requested documents and scheduled the plaintiff's deposition for April 21, 2009. At one point the parties discussed obtaining a waiver from the plaintiff, but the plaintiff intended to obtain the records himself. The plaintiff continued to agree to produce the documents, but the medical treatment documents were not produced until the day the defendant filed a motion to compel, April 17, 2009.

The plaintiff argues sanctions are not appropriate in this matter because the plaintiff's conduct in failing to produce the documents, between December 2008 and April 2009, was not wilful or intentional. Further, the plaintiff contends sanctions should rarely be granted. Specifically, the plaintiff continues to argue the defendant engaged in improper behavior by failing to threaten to file a motion to compel until the day before filing the motion. Accordingly, the plaintiff states counsel was not given a reasonable time to respond prior to the defendant actually filing the motion to compel. In any event, the plaintiff acknowledges the documents should have been produced more quickly however two factors prevented production. First, the plaintiff, himself, was attempting the gather the records in an effort to lower expenses. The plaintiff's attempts took additional time because he was also trying to find employment outside the state. Second, the plaintiff's counsel has been involved in two "gigantic" cases, which made it difficult to closely monitor his other cases during the fall, winter and spring months. The plaintiff explains that any delay of discovery was not done by the plaintiff or his counsel to wilfully or intentionally obstruct the proceedings.

The relevant issue before the court is sanctions. Pursuant to Federal Rule of Civil Procedure 37(a): "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a). Furthermore, under the federal rules, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The federal rules specifically provide for the shifting of costs where the disputed discovery is provided after the motion to compel is filed.

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court **must**, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

However, sanctions will not be awarded if:

  (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
  (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
  (iii) other circumstances make an award of expenses unjust.

[Fed. R. Civ. P. 37(a)(5)(A)](#).

  The plaintiff's failure to timely provide discovery required the defendant to repeatedly make inquiries about production.  Additionally, the plaintiff's deposition had to be postponed and rescheduled due to the plaintiff's delay. Contrary to the plaintiff's argument, sanctions in this context are not rare, but required under the rules unless a specific exception exists under [Fed. R. Civ. P. 37(a)(5)(A)](#).  The court has already determined the defendant attempted in good faith to obtain the discovery without court action. In fact, the defendant waited for four months for the discovery.  During the period, the defendant frequently contacted the plaintiff's counsel to work on a resolution.  The plaintiff does not argue his failure to produce was substantially justified, particularly because in January 2009, the plaintiff agreed to produce the documents.

  Apparently, the plaintiff contends an award of expenses would be unjust under the circumstances.  The plaintiff explains the reason for the delay was the plaintiff's and plaintiff's counsel's busy schedules.  The court finds the plaintiff's explanation inadequate to avoid the shifting of costs.  The burden of responding to discovery in this instance was on the plaintiff.  The plaintiff's failure to timely obtain the records, even three months after an agreement to do so was in place, required the defendant to incur unnecessary costs and expenses which should be bourne by the plaintiff.  Upon consideration,

  **IT IS ORDERED:**

  1. The defendant is awarded reasonable costs and attorney's fees in bringing the December 17, 2009 motion to compel ([Filing No. 45](#)).

  2. Counsel for the parties shall confer on a reasonable amount to be awarded and, if there is agreement, shall file **on or before May 22, 2009,** a stipulation of the costs and fees to be awarded.  In the event the parties fail to reach an agreement, the defendant

may file **on or before May 26, 2009,** an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to NECivR 54.3 and 54.4. The plaintiff shall have **until on or before June 1, 2009,** to respond to the defendant's application. Thereafter, the issue of costs and sanctions will be deemed submitted and a written order entered.

DATED this 8th day of May, 2009.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge