# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GEORGE B. SKIDMORE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV01 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ACI WORLDWIDE, INC., a/k/a ACI, | ) | |
| f/k/a TRANSACTION SYSTEMS | ) | |
| ARCHITECTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Application for the Award of Costs and Fees (Filing No. 60). The defendant filed an index of evidence (Filing No. 61) in support of the application. The plaintiff filed a brief (Filing No. 65) in opposition to the application.

On April 30, 2009, the court granted the defendant's motion to compel discovery (Filing No. 45) related to the plaintiff's medical treatment. **See** Filing No. 52. The plaintiff provided all such discovery, but opposed entry of an award of attorney fees for the defendant. **See** Filing No. 55. Over the plaintiff's objection, on May 8, 2009, the court determined an award of reasonable costs and attorney's fees was appropriate to shift the burden of the plaintiff's failure to provide timely discovery from the defendant to the plaintiff. **See** Filing No. 56. The plaintiff appealed the May 8, 2009, order. **See** Filing No. 57. However, on July 8, 2009, Chief Judge Joseph F. Bataillon affirmed the May 8, 2009, order. **See** Filing No. 64.

The evidence before the court shows the defendant sought certain medical records in a request for production served on October 27, 2008. The plaintiff's deposition had been scheduled to occur after receipt of the requested documents. After the deadline for responses had passed, the defendant inquired about the responses. On December 9, 2008, counsel for the plaintiff replied by proposing new deposition dates and stating he would try to have the discovery responses served by the end of the week. The plaintiff served discovery responses on December 17, 2008, but objected to production related to

the medical treatment. In January 2009, both counsel conferred and agreed the medical treatment documents were relevant. The plaintiff agreed to supplement discovery. The defendant continued, into April, to attempt to get the requested documents and scheduled the plaintiff's deposition for April 21, 2009. At one point the parties discussed obtaining a waiver from the plaintiff, but the plaintiff intended to obtain the records himself. The plaintiff continued to agree to produce the documents, but the medical treatment documents were not produced until the day the defendant filed a motion to compel, April 17, 2009.

The plaintiff's failure to timely provide discovery required the defendant to repeatedly make inquiries about production. Additionally, the plaintiff's deposition had to be postponed and rescheduled due to the plaintiff's delay. The court has already determined the defendant attempted in good faith to obtain the discovery without court action. In fact, the defendant waited for four months for the discovery. During the period, the defendant frequently contacted the plaintiff's counsel to work on a resolution.

The defendant seeks an award of $6,987.50 in attorney's fees. The defendant seeks compensation for two attorneys' time. The defendant states attorney Shari M. Goldsmith spent 11.5 hours, at a rate of $500 per hour, drafting, revising, and discussing the motion to dismiss. **See** Filing No. 61 - Goldsmith Aff. ¶ 2. Additionally, the defendant states attorney Willis Goldsmith spent 1.5 hours at a rate of $825 per hour, reviewing, revising, and discussing the motion. ***Id.***

The plaintiff disputes the amount of fees sought by the defendant and contests the number of hours, the hourly rate, and whether all such work was necessarily completed by an attorney or two. The plaintiff argues compiling the motion to compel would reasonably take two to three hours of paralegal time at a rate of $50 per hour and one hour of attorney time at a rate of $175. Further, the plaintiff contends the defendant had already received much of the discovery sought, the outstanding discovery was minimally important, and the motion and brief were mostly boilerplate material.

The court has made careful review of the defendant's application. Some of the plaintiff's objections are well taken. The court notes that although the plaintiff had initially contested production of the documents sought by the defendant, the plaintiff had quickly

2

agreed to production. The plaintiff continued to delay the production, but otherwise did not contest production. The defendant's motion papers focused on the case and discovery history, as well as on legal analysis of the relevance of the documents and plaintiff's waiver of any objections. Therefore, based on the length and complexity of the defendant's motion to compel and associated documents, and other relevant considerations, the court finds the requested attorney's fees are not reasonable. The court has reviewed the fee application in light of the parties' arguments and finds the number of hours should be decreased to five hours for one attorney, and the hourly rate limited to $250. Accordingly, the award is $1,250. The court finds such award is reasonable. Upon consideration,

**IT IS ORDERED:**

1. The defendant's Application for the Award of Costs and Fees ([Filing No. 60](#)) is granted, in part, and denied, in part.

2. The defendant is awarded reasonable costs and attorney's fees in bringing the December 17, 2009, motion to compel ([Filing No. 45](#)) in the amount of $1,250.

3. The Clerk of Court shall, at the time of entry of judgment in this case, make this award a part of the judgment entered, unless before that time the parties certify that the award has been satisfied.

DATED this 20th day of July, 2009.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge