IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GEORGE B. SKIDMORE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV01 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ACI WORLDWIDE, INC., f/k/a | ) | |
| TRANSACTION SYSTEMS ARCHITECTS, | ) | |
| INC., a/k/a ACI, | ) | |
| | ) | |
| Defendant. | ) | |

  This matter is before the court on the defendant's Motion to Strike Plaintiff's Jury Demand (Filing No. 100).  The defendant filed a brief (Filing No. 101) in support of the motion.  The plaintiff filed a resistance to the motion (Filing No. 102) and a brief in support (Filing No. 103) of the resistance.  The defendant filed a brief (Filing No. 105) in reply.

  In this case, the plaintiff, George B. Skidmore, complains of wrongful discharge under § 806 of the Corporate and Criminal Fraud Accountability Act of 2002, Title VIII of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A (the "whistleblower" provision).  **See** Filing No. 19 - Amended Complaint ¶ 1.  The defendant seeks to strike, pursuant to Fed. R. Civ. P. 39(a)(2), the plaintiff's demand for a jury trial from the Amended Complaint.  After reviewing the parties briefs and applicable law, the court grants the defendant's motion to strike plaintiff's demand for a jury trial.

  Federal Rule of Civil Procedure 38 provides for "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution - or as provided by a federal statute." Federal Rule of Civil Procedure 39 states when a jury trial has been demanded under Rule 38, the trial shall be held before a jury unless the parties stipulate otherwise or "the court, on motion or on it's own, finds that on some or all of the issues there is no federal right to a jury trial."  Fed. R. Civ. P. 39(a)(2).  The defendant argues the plaintiff's request is improper as neither statute, the Seventh Amendment, nor the plain language of the Sarbanes-Oxley Act provide the right to a jury trial.  **See** Filing No. 101 - Brief.

  Several federal courts have considered the issue of whether the right to a jury trial is provided under the whistleblower provision of the Sarbanes-Oxley Act.  In one of the first

such cases, *Murray v. TXU Corp.*, the court concluded that there is no right to a jury trial under § 1514A and struck the plaintiff's demand for a jury trial as to that claim. 2005 WL 1356444 at *1 (N.D. Tex. June 7, 2005). The court first noted that "the plain text of the Sarbanes-Oxley Act did not provide a right of trial by jury because the words 'jury trial' do not appear anywhere in the text of the statute." *Schmidt v. Levi Strauss & Co.*, 621 F. Supp. 2d 796, 800 (N.D. Cal. 2008) (**citing** *Murray*, 2005 WL 1356444 at *1). The remedies provision of the Sarbanes-Oxley Act, Section 806 states:

> (c) Remedies
> (1) In General-An employee prevailing in any action under subsection (b)(1) shall be entitled to all relief necessary to make the employee whole.
> (2) Compensatory Damages-Relief for any action under paragraph (1) shall include-
> (A) reinstatement with the same seniority status that the employee would have had, but for the discrimination;
> (B) the amount of back pay, with interest; and
> (C) compensation for any special damages sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorneys fees.

18 U.S.C. § 1514A(c). This language contains no express wording of any legal remedies. Therefore, the court will look to whether the Sarbanes-Oxley Act permits recovery of legal remedies for violations which would entitle plaintiff to a jury trial. *See Walton v. Nova Info. Sys.*, 514 F. Supp. 2d 1031, 1033 (E.D. Tenn. 2007).

The plaintiff argues the statutory language supports classifying damages under the Sarbanes-Oxley Act as restitutionary, making them legal rather than equitable in nature. Generally, damages are characterized as equitable where they are restitutionary or where they are incidental to or intertwined with injunctive relief. *See Walton*, 514 F. Supp. 2d at 1034 (**citing** *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570, (1990); *Harris v. Richards Mfg. Co.*, 675 F.2d 811, 815 n.2 (6th Cir. 1982) (stating that "[u]nder the law of this circuit, back pay is equitable relief and the parties are, therefore, not entitled to a jury trial on that issue"); *Moore v. Sun Oil Co.*, 636 F.2d 154, 156 (6th Cir. 1980); *Green v. AIM Executive, Inc.*, 897 F. Supp. 342, 347 (N.D. Ohio 1995)). However, "since the back pay damages under the remedies provision of the Sarbanes-Oxley Act are restitutionary damages intended to 'make the employee whole,'

2

such damages are equitable in nature, not legal, and do not give Plaintiff the right to a jury trial." *Van Asdale v. Int'l Game Tech.*, 2010 WL 1490349 at *5 (D. Nev. Apr. 13, 2010) (**quoting** *Walton*, 514 F. Supp. 2d at 1034).  Further, in *Schmidt v. Levi Strauss & Co.*, the court found the enumerated remedies in the whistleblower provision "all appear to be costs that the plaintiffs would be 'out-of-pocket' because of the alleged wrongful discharge and which must be reimbursed to plaintiffs in order to 'make them whole.' They do not represent discretionary monetary relief which, by contrast, would be tried before a jury." *Id.* at *5 (**quoting** *Schmidt*, 621 F. Supp. 2d at 804).  The *Murray*, *Van Asdale*, *Walton*, and *Schmidt* courts reviewed the statutory language of the whistleblower provision and concluded the relief provided is equitable in nature and does not give rise to the right to a jury trial.  This court agrees.

With no right to a jury trial expressly provided in the statute, the defendant argues the Seventh Amendment also does not provide a right to a jury trial in Sarbanes-Oxley whistleblower claims.  **See** Filing No. 101, p. 4.  The Seventh Amendment provides:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

*U.S. Const. amend VII*.  In analyzing the Seventh Amendment, a court "examine[s] the remedy sought and determine[s] whether it is legal or equitable in nature. *Tull v. United States*, 481 U.S. 412, 417 (1987).  In *Schmidt*, the court conducted a thorough analysis under the Seventh Amendment in concluding that there is no right to a jury trial in a Sarbanes-Oxley whistleblower case.  First, the *Schmidt* court found that a claim under the Sarbanes-Oxley Act is analogous to a claim of wrongful discharge, which existed at common law and determined that a wrongful discharge claim gives rise to the constitutional right to jury trial as a tort.  *Schmidt,* 621 F. Supp. 2d at 801-02.  Second, the court concluded that the nature of the remedy under the whistleblower provision is restitutionary and equitable, as noted above.  *Id.* at 802-06.  Finally,  "if these two factors weigh in favor of finding an entitlement to a jury trial, the court considers whether Congress has assigned adjudication of the statutory claim to "a non-Article III adjudicative body that does not use a jury as factfinder."  *Id.* at 806 (**citing** *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33,

3

42 (1989)). However, the *Schmidt* court determined that "even if the first two factors of the Seventh Amendment analysis weighed in favor of right to jury trial, no right to a jury trial exists because Congress expressly assigned the right to adjudicate a [Sarbanes-Oxley] claim to the Secretary of Labor, a non-Article III tribunal." *Van Asdale*, 2010 WL 1490349 at *6 (**citing** *Schmidt*, 621 F. Supp. 2d at 806). The court finds the analysis of the *Schmidt* court persuasive. Upon consideration and for the reasons set forth above,

**IT IS ORDERED:**

1. The defendant's Motion to Strike Plaintiff's Jury Demand (Filing No. 100) is granted.

2. The plaintiff's demand for a jury trial is stricken from his Amended Complaint (Filing No. 19).

3. The plaintiff's Resistance to Motion to Strike Jury Demand (Filing No. 102) is denied.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection to the Order. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 20th day of July, 2010.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

4